

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00717-CR

Jimmy **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 02-05-0161-CRA
Honorable Jennifer Dillingham, Judge Presiding[1]

PER CURIAM

Sitting:      Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 30, 2023

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in the underlying cause on December 18, 2002. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on January 17, 2003. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on February 3, 2003. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal more than twenty years later—on July 31, 2023.

---

[1] The Honorable Jennifer Dillingham is the current judge of the convicting court. However, the judgment of conviction was signed by the Honorable Stella Saxon.

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id.* Accordingly, because appellant did not file a timely notice of appeal or a timely request for extension of time to file a notice of appeal, this appeal is dismissed for want of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH